Affirmed and Memorandum Opinion filed February 28, 2008








 Affirmed and Memorandum Opinion filed February 28, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00184-CR

_______________

 

SAMUEL GUS BROWN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                 


On Appeal from the 178th District Court

 Harris County, Texas

Trial Court Cause No. 1078592

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Samuel Gus Brown, appeals
a conviction for aggravated robbery on the grounds that: (1) the trial court
erred by overruling his objection to irrelevant evidence that people in the
area commonly do not call police when they find something like a gun; and (2)
the trial court erred by overruling his objection to irrelevant evidence that
it was common for Officer Woolley (AWooley@) not to find a weapon in other cases
he had investigated.  We affirm.

 








Background

On July 19, 2006, Octavio Rodas (ARodas@) was sitting near his mailbox when
two males, one Black and the other Hispanic, approached him with a request for
$2.00.  When he complied with their request, the black man pulled out a gun and
put it to his back, subsequently relieving him of his remaining ninety
dollars.  Following the robbery, Rodas quickly returned to his apartment, obtained
a rachet wrench, and proceeded to follow his assailants.  He did so without
their being aware of it and while calling friends on his cell phone to come to
his assistance.  He followed them until they split up, near the Deerfield
apartment complex (an apartment complex about five minutes walk from the scene
of robbery).  At that time Rodas and his friends began an open pursuit of the
Hispanic male he escaped by jumping a fence.  Rodas and his friends then
returned to the Deerfield apartment complex and sighted appellant.  After a
brief pursuit, they apprehended him and held him until authorities arrived. 
Initially, appellant gave the arresting officer a false name, Brad Gene, and a
false date-of-birth; he also said that the Hispanic male was the one with the
gun. He later recanted his statements to the arresting officer concerning his
role in the robbery, offering instead that he, himself, had been robbed by the
other Hispanic male.








            While Rodas identified
appellant as the one who had the gun, it is clear that appellant did not
possess a gun at the time he was arrested.  A search of the area surrounding
the Deerfield apartments turned up no firearm, even though Rodas claims he
maintained visual contact with appellant from the robbery to the apprehension,
except for the brief moments when he returned to his apartment and when he and
his friends initially chased the Hispanic male (between 3 and 6 minutes). 
During his observation, Rodas did not see appellant dispose of a gun, nor was a
gun found on appellant=s person when he was arrested.  The prosecution helped allay
the jury=s concern about the absence of a
deadly weapon by noting that the other male could have taken it, or that it
might have been disposed of in an area were there were many hiding places.  The
Prosecution also opined that people in the area do not commonly call to notify
police if they find something and that many times perpetrators attempt to dispose
of a weapon, leading to cases where one is not recovered. 

Apppellant was charged with
aggravated robbery with a deadly weapon.  Appellant=s counsel did not request the
lesser-included charge of robbery, and the State did not request an instruction
on the law of parties.  During jury deliberations, the jury noted this when it
asked: AFor it to be Aggravated Robbery does
the person charged have to be in possession of the weapon, or just in the party
of the robbery?@  The Court responded; AYou are governed by the charge given.@  In spite of the failure of the
State to introduce a firearm, the jury convicted appellant of aggravated
robbery with a deadly weapon and sentenced him to 20 years imprisonment in the
Texas Department of Criminal Justice, Institutional Division.  No motion for a
new trial was filed.  Appellant gave notice of appeal on February 28, 2007.

Standard of Review








We review a trial court=s decision to admit or exclude
evidence under an abuse of discretion standard.  Torres v. State, 71
S.W.3d 758, 760 (Tex. Crim. App. 2002); Burden v. State, 55 S.W.3d 608,
615 (Tex. Crim. App. 2000).  We will not reverse a trial court=s ruling on the admissibility of
evidence as long as it is within the zone of reasonable  disagreement.  Torres,
71 S.W.3d at 760; Burden, 55 S.W.3d at 615.  As a general rule, evidence
is relevant if it has Aany tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.@ Tex. R. Evid. 401.  Evidence that is
not relevant is not admissible.  Tex R. Evid. 402.  The determination of
relevancy to an issue in the case lies within the sound discretion of the trial
court and will be disturbed only upon a clear abuse of that discretion.  See
Chambers v. State, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993); Johnson v.
State, 698 S.W.2d 154, 160 (Tex. Crim. App. 1985), (superceded on other
grounds, Mayes v. State, 816 S.W.2d 79 (Tex. Crim. App. 1991)).  In
addition, there is no purely legal test for determining if evidence will tend
to prove or disprove a proposition, and hence we are forced to rely on common
sense and logic.  Miller v. State, 36 S.W.3d 503, 507 (Tex. Crim. App.
2001).  

            If evidence, as admitted,
offends the rules of evidence, we must conduct a harm analysis.  High v.
State, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998).  Rule 44.2 dictates that
if the error is a constitutional error, the appellate court must reverse the
conviction or punishment unless the court determines beyond a reasonable doubt
that the error did not contribute to the conviction or punishment.  Tex. R.
App. P. 44.2(a); Aguirre-Mata v. State, 992 S.W.2d 495, 498 (Tex. Crim.
App. 1999).  For any other error, defect or variance, if it does not affect a
substantial right, it must be disregarded.  Tex. R. Evid. 44.2(b); Sauceda
v. State, 162 S.W.3d 591, 597 (Tex. App.CHouston [14th Dist.] 2005 pet. ref=d).  A substantial right is affected
when: (1) the error had a substantial and injurious effect or influence in
determining the jury=s verdict; or (2) it leaves us in grave doubt as to whether
it had such an effect.  Davis v. State, 22 S.W.3d 8, 12 (Tex. App.CHouston [14th Dist.] 2000, no pet.). 
When erroneous evidence is admitted, but either does not substantially
influence the jury, or only has a slight influence on the jury=s decision to convict or assign
punishment, it does not affect substantial rights.  Motilla v. State, 78
S.W.3d 352, 355 (Tex. Crim. App. 2002); Bass v. State, 222 S.W.3d 571,
578 (Tex. App.CHouston [14th Dist.] 2007, pet. filed).  Appellate courts will not
overturn the conviction for non-constitutional error if the court, after a
review of the entire record, is convinced that the error had minimal influence
on the jury=s verdict in other words, that evidence proffered in error must be found
to have substantially swayed the jury.  See Schutz v. State, 63 S.W.3d
442, 444 (Tex. Crim. App. 2001); Davis, 22 S.W.3d at 12; Umoja v.
State, 965 S.W.2d 3, 11 (Tex. App.CFort Worth, 1997, no pet.).  In
making this assessment, we review the entire record, including testimony,
physical evidence, the nature and character of the evidence supporting the
conviction, jury instructions, theories of guilt and innocence, arguments made
to the jury and even relevant voir dire.  See Schutz, 63 S.W.3d at
444-45.  In short, for it to be reversible error, the evidence must have some
bearing on the outcome of the trial.  Davis, 22 S.W.3d at 12.








Analysis

In his appeal, appellant contends
that: (1) the trial court erred by overruling his objection to irrelevant
evidence that people in the area commonly do not call police when they find
something (impliedly referencing a gun); and (2) the trial court erred by
overruling his objection to irrelevant evidence that it was common for officer
Woolley not to find a weapon in other cases he had investigated.  The State
contends that the comments concerning the recovery of a firearm are relevant
because they are related to the investigation and to the element of Aa firearm.@  The State contends that this
evidence helped to explain why no weapon was recovered during the arrestBa point of contention discussed as
early as voir dire when the State asked jurors if the failure to recover a
firearm would preclude any of them from a finding of guilt.  

Appellant counters that Wooley=s comments A[were] not relevant to  appellant=s guilt or innocence in this
particular case, and the only possible purpose was to bolster the testimony of
the complaining witness that appellant used a gun . . .@  Appellant then cites Torres v.
State and Irizarry v. State, for the proposition that testimony
unrelated to innocence and guilt is inadmissible.  92 S.W.3d 911, 919 (Tex.
App.CHouston [14th Dist.] 2002 pet. ref=d); 916 S.W.2d 612, 616 (Tex. App.CSan Antonio 1996, pet. ref=d).  While the facts of the cases
cited are different from the facts at hand, we find the trial court nonetheless
abused its discretion when it admitted the evidence at trial.[1] 
The fact that people in the area do not commonly call police when they find
something, like a gun, is irrelevant.  It does not tend to prove or disprove
any of the facts in the case.








However, even though the testimony of
Officer Wooley was erroneously admitted,  we do not believe that the error
affected appellant=s substantial rights that is, given all of the evidence
before the jury, we believe it unlikely that his two comments had a substantial
effect on the jury=s verdict. See Ladd v. State, 3 S.W.3d 547, 568 (Tex.
Crim. App. 1999) (finding no abuse of discretion in admitting the evidence but
still addressing the admission under harm analysis).  The State points to the
fact that the defendant ran when confronted, that he gave Wooley incorrect
identification information, that he admitted to involvement when he indicated,
initially, that the other perpetrator actually had the gun, and that the
victim, Rodas, identified him.  Appellant=s own admission confirms that a gun
was used, and Rodas= testimony places the gun squarely in appellant=s hands during the robbery.  While
this evidence is not overwhelming, it is substantial enough to warrant a
conviction.  See Motilla, 78 S.W.3d at 359.  Ths State contends that it
is upon this evidence that appellant was convicted.  Appellant counters, in
stark contrast, that the jury convicted him only because of Wooley=s irrelevant comments, making it
possible for the jury to convict him of aggravated robbery without having to
produce the gun with which he allegedly committed the robbery. 








In this case, the State=s argument is more persuasive. 
Wooley=s  comments merely restate the
possibility that the gun was likely disposed of by appellant after the robbery,
that there are myriad locations in which he could have disposed of  the gun,
that while Rodas had visual contact with appellant for most of the pursuit,
there were significant episodes where that contact was suspended, and that it
is possible the second assailant left the scene with the gun.  Again, even
though Wooley=s comments were irrelevant, the State refrained from emphasizing them in
its closing argument, obviously not relying on them to obtain a conviction (nor
did the jury seek to have this testimony read back to it as part of its
deliberations).  See Torres v. State, 92 S.W.3d at 919 (holding that the
State=s reliance upon this evidence in
closing makes it more likely that it was pivotal to the conviction); see
also Motilla, 78 S.W.3d at 359 (holding the same).  It would be highly
speculative on our part to assume that the jury premised its decision about
whether to believe Rodas= or appellant=s version of events on Wooley=s comments concerning the missing
weapon.  The jury=s question proves that it considered the element of gun
possession carefully,  making sure in its note to the court that aggravated
robbery was contingent upon the defendant=s being the one who possessed the firearm. 
It did not convict him based upon the law of parties, but rather on an
affirmative finding that appellant did, in fact, possess a gun during the
commission of the robbery.  That a gun was used was not at issue only which of
the two assailants possessed the gun.  On this matter, the jury found appellant
to have been culpable, and did so in only 47 minutes.[2] 


Hence, while appellant makes much of
not asking for a lesser-included offense charge, this speaks more to the State=s confidence that it could obtain a
conviction for aggravated robbery notwithstanding its failure to recover the
weapon.  The State felt it had enough to go forward with aggravated robbery,
and while the defense could have tempted the jury with a lesser-included
offense, it made no such request.  It is clear the jury understood its verdict.

 Accordingly, the judgment of the
trial court is affirmed.

 

 

 

/s/        Frank C. Price

Senior Justice

 

Judgment rendered and Memorandum
Opinion filed February 28, 2008.

Panel consists of Chief Justice
Hedges, Justice Anderson and Senior Justice Price.*

Do not publish C Tex.
R. App. P. 47.2(b).

 

 









[1]           The cases cited to by the appellant are
hardly apropos.  The objectionable testimony in Torres, that the
shooting victim turned to the witness and professed his love for her, was
proffered to garner sympathy from the jury.  92 S.W.3d at 919.  Likewise, in Irizarry,
testimony that the brother of the murdered man begun to weep when notified was
inadmissible as evidence 916 S.W.2d at 616.  





[2]           It ought to be noted that appellant does
not cite a single case where the admitted testimony was found to be harmful,
and yet ironically cites both Torres and Irizarry, where the
testimony was found irrelevant but harmless.





*           Senior
Justice Frank C. Price sitting by assignment.